UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GILBERTO RAMOS,                       :
        Plaintiff,                    :
                                      :
        v.                            :     CA 12-106 ML
                                      :
DONALD W. WYATT DETENTION FACILITY,   :
U.S. MARSHALS SERVICE,                :
BRIAN K. MURPHY,                      :
        Defendants.                   :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Docket ("Dkt.") #2) (the "Application") filed by Plaintiff Gilberto Ramos ("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Discussion**

Plaintiff filed the Application along with an uncertified copy of his prisoner trust fund account statement on February 16, 2012. See Application. On February 17, 2012, the Court directed Plaintiff to file a certified copy of his prisoner account statement. See Order Directing Plaintiff to File Certified Copy of Prisoner Account

Statement (Dkt. #3) ("Order of 2/17/2012") at 2. The Court also cautioned Plaintiff that if the certified copy was not received by the Court, this Magistrate Judge would recommend that the Application be denied without prejudice. See id. After being advised that Plaintiff had been moved from the Donald W. Wyatt Detention Facility, the Court issued an amended order directing Plaintiff to file a certified copy of his prisoner account statement by March 23, 2012. See Amended Order Directing Plaintiff to File Certified Copy of Prisoner Account Statement (Dkt. #4) ("Order of 2/24/12") at 1-2. On March 5, 2012, Plaintiff filed an uncertified copy of his prisoner trust fund account statement from his current place of incarceration covering the period between February 7, 2012, and February 27, 2012. See Inmate Statement (Dkt. #5). Thus, Plaintiff's new filing does not comply with the Order of 2/17/12 or the Order of 2/24/12, nor does it meet the requirement of 28 U.S.C. § 1915(a)(2).[1]

---

[1]Section 1915(a) provides that:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), **shall submit a certified copy of**

Accordingly, Plaintiff's Application should be denied and the action dismissed without prejudice unless Plaintiff provides, within fourteen (14) days, a certified[2] copy of his prisoner trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his Complaint (Dkt. #1), obtained from an appropriate official of the prison at which Plaintiff is or was confined in accordance with 28 U.S.C. § 1915(a). I so recommend.

**Conclusion**

For the reason stated above, I recommend that Plaintiff's Application be denied and the action dismissed without prejudice unless Plaintiff provides within fourteen (14) days a certified copy of his prisoner trust fund account statement.[3] Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file

---

**the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal,** obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a) (bold added).

[2] The prison official must certify that the statement, showing all receipts, expenditures, and balances during the above-noted six month period, is accurate and sign the statement. See Application at 3.

[3] In making this recommendation, the Court is giving Plaintiff a final opportunity to provide a certified copy of his prisoner trust fund account statement. See Order Directing Plaintiff to File Certified Copy of Prisoner Account Statement (Dkt. #3) ("Order of 2/17/2012") at 2.

specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
March 28, 2012